UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN ROBERTSON, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1453** |
| **BLANCHARD CONTRACTORS, INC., et al.** | **SECTION: "G"(3)** |

**ORDER AND REASONS**

Before the Court is Defendant Instrumentation & Electrical Technologies, LLC's ("I&E") Motion for Summary Judgment,[1] in which I&E contends that there is no genuine issue of material fact that I&E owed Plaintiff Marvin Robertson, Sr. ("Plaintiff") a duty of care sufficient to support Plaintiff's negligence action. Having considered the motion, the response, the record, and the applicable law, for the following reasons, the Court will deny the motion.

**I. Background**

*A. Factual and Procedural Background*

This case arises from an alleged accident that occurred on July 17, 2010 on a fixed platform in Ship Shoal 208H in the Gulf of Mexico on the Outer Continental Shelf adjacent to Louisiana, where Plaintiff was working as a scaffold builder on a platform owned by Hilcorp Energy, GOM, LLC ("Hilcorp"). Hilcorp had engaged several companies for various tasks on the platform; one of those companies was Blanchard Contractors, Inc. ("Blanchard"), which had in turn subcontracted with Gulf South Scaffolding, Inc. ("Gulf South") for the construction and daily safety inspections

---

[1] Rec. Doc. 47.

1

of scaffolding aboard the platform. At all relevant times, Plaintiff was employed by Gulf South.

Regarding the incident in question, Plaintiff alleges that, while walking aboard a lower deck of scaffolding after retrieving his supervisor's carpenter's level, he tripped over a piece of stainless steel tubing that had become wedged between scaffolding boards. According to Plaintiff and the safety supervisor for the project, the only construction crew on the platform utilizing the type of tubing that Plaintiff described as causing his accident was the construction crew employed by I&E. Also according to Plaintiff, immediately prior to the accident, an I&E construction crew was welding and fabricating stainless steel tubing on the deck of the platform immediately above the scaffolding boards from which Plaintiff fell and injured himself. Plaintiff alleges that the I&E construction crew allowed tubing to fall through the grating to land on the level below and that I&E employees had not laid plywood over the grating to prevent such fall-through.

Plaintiff filed suit in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, against Blanchard, alleging negligence for failing to warn of the tubing and failing to maintain a safe work area.[2] On the basis of federal question jurisdiction under the Outer Continental Shelf Lands Act,[3] Blanchard removed the suit to this Court.[4] By his First Supplemental and Amending Complaint of July 18, 2011, Plaintiff added I&E and others as additional defendants and alleged defendants' concurrent negligence.[5] Additionally, Plaintiff's employer, Gulf South, intervened to recover workers' compensation benefits paid to Plaintiff pursuant to the Longshore and

---

[2] Petition for Damages, Rec. Doc. 1-1.

[3] 43 U.S.C. § 1333 *et seq.*

[4] Rec. Doc. 1.

[5] Rec. Doc. 13.

2

Harbor Worker's Compensation Act.[6]

### B. *The Pending Motion*

On February 23, 2012, I&E filed the instant motion for summary judgment, contending that there is no genuine issue of material fact that I&E owed Plaintiff a duty of care sufficient to support Plaintiff's negligence action because Plaintiff "has testified that his employer, specifically his supervisor, was tasked with maintaining the safety of the scaffolding area."[7] I&E asserts that Plaintiff has alleged I&E's liability with "nothing more than pure speculation,"[8] and that I&E cannot be held liable because it did not owe Plaintiff a duty to maintain the scaffold area in a safe and non-hazardous condition.[9] I&E does not specifically address the other necessary elements of a negligence claim under Louisiana law, instead noting that "[s]ince Robertson cannot prove that I&E owed him a legal duty, the plaintiff cannot fulfill all of the elements of a negligence cause of action against I&E."[10] In support, I&E directs the Court to Plaintiff's deposition testimony, where Plaintiff testified that his supervisor and his employer were hired to maintain the safety of the scaffolding.[11]

Plaintiff filed his response in opposition on April 4, 2012.[12] Therein, Plaintiff asserts that

---

[6] Rec. Doc. 22.

[7] Rec. Doc. 47-1 at p. 3 (citing Robertson Deposition, Exhibit A, Pg. 50, Lns. 1-25; Pg. 51, Lns. 1-10).

[8] *Id.* at p. 4.

[9] *Id.* at pp. 6, 7 ("As one of several contractors working on the platform, I&E had no responsibility for the maintenance and upkeep of the scaffold.")

[10] *Id.* at p. 6.

[11] *Id.* at pp. 6-7.

[12] Rec. Doc. 63.

I&E "clearly owed a duty to Marvin Robertson, and everyone else on the platform, to conduct [its] work activities in a reasonable, safe manner" and points out that, by arguing that no duty existed simply because someone else was charged with maintaining the safety of the scaffolding, I&E's motion "ignores the duty imposed on every individual by [Louisiana's general negligence statute,] Louisiana Civil Code Article 2315."[13] Specifically, Plaintiff argues that I&E had a duty to conduct its own work in a way that did not subject others to an unreasonable risk of harm.[14] Plaintiff notes that whether I&E breached this duty and whether that breach caused Plaintiff's injuries are questions of fact to be resolved at trial but that Louisiana Civil Code Article 2315 clearly sets forth a general duty that Plaintiff argues is applicable here.[15] Thus, Plaintiff contends that this Court must deny I&E's motion for summary judgment because I&E's negligent actions in not ensuring that debris did not fall through created an unreasonable risk in violation of I&E's general duty of care under the Louisiana Civil Code.[16]

## II. Law and Analysis

### A. *Standard on Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the

---

[13] *Id.* at p. 1.

[14] *Id.* at pp. 5-6.

[15] *Id.* at p. 6.

[16] *Id.*

movant is entitled to judgment as a matter of law."[17] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[18] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[19] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[20]

As here, if the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden merely by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[21] At that time, the burden shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[22] The nonmoving party may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[23]

---

[17] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[19] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[20] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[21] *See Celotex*, 477 U.S. at 325.

[22] *See id.* at 324.

[23] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

*B. Choice of Law*

When a cause of action arises on a fixed platform located on the Outer Continental Shelf, under the Outer Continental Shelf Lands Act, a court applies the law of the state adjacent to the controversy to the extent that it is not inconsistent with other federal laws and regulations.[24] Plaintiff's complaint alleges that his injury occurred while he was working on a block on the Outer Continental Shelf that is adjacent to Louisiana. The parties have not cited, and the Court has not found, any reason that applying Louisiana negligence principles would be inconsistent with other federal laws and regulations. Therefore, the Court will apply Louisiana law here.

*C. Negligence Under Louisiana Civil Code Article 2315*

Under article 2315 of the Louisiana Civil Code, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[25] That is, "where circumstances create a duty to do so, the defendant must use reasonable care so as to avoid injuring another person."[26] Therefore, all individuals have a duty "to avoid acts and omissions which engender an unreasonable risk of harm to others"[27] and "[t]he parameters of what constitutes fault

---

[24] 43 U.S.C. § 1333(a)(2)(A); *Rodrigue v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 355 (1969); *see also Dickerson v. Continental Oil Co.*, 449 F.2d 1209, 1213 (5th Cir. 1971) (noting that fixed platforms on the Outer Continental shelf are artificial islands to be treated as "federal enclaves within a state" and are governed by the Outer Continental Shelf Lands Act) (citing *Rodrigue*, 395 U.S. 352).

[25] La. C.C. art. 2315.

[26] *Tardo v. Autozone Stores, Inc.*, No. 10-3642, 2011 WL 4345064, at * 2 (E.D. La. Sept. 15, 2011) (Feldman, J.).

[27] *Stephens v. State Through Dep't of Transp. & Dev.*, 440 So.2d 920, 925 (La. App. 2 Cir. 1983), *writ denied*, 443 So.3d 1119 (La. 1984); *see also Seals v. Morris*, 410 So.2d 715, 718 (La. 1981) ("In all cases, duty can be stated generally as the obligation to conform to the standard of conduct of a reasonable man under like circumstances.") (citations omitted).

in Louisiana reach far and wide in order to hold people accountable for their harmful actions regardless of whether or not their actions are covered by a [specific] statutory provision."[28]

To determine whether to impose liability under this general negligence statute, Louisiana courts conduct a duty-risk analysis.[29] To establish liability, five elements must be proven: (1) the defendant owed a duty to conform his conduct to a specific standard (duty element); (2) the defendant's conduct failed to conform to the appropriate standard (breach element); (3) the defendant's substandard conduct caused the plaintiff's injuries (cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (scope of liability or scope of protection element); and (5) the plaintiff suffered damages as a result (damages element).[30]

Although the questions of breach and causation are fact-driven inquiries typically left to the fact-finder,[31] the question of whether a duty is owed, as well as the scope of that duty, is a question of law.[32] Summary judgment is proper "only where no duty exists as a matter of law and no factual or credibility disputes exist."[33]

Here, I&E argues that it owed Plaintiff no duty because I&E was not tasked with maintaining the safety of the scaffolding. However, by this argument, I&E fails to consider that this is not the

---

[28] *Bethea v. Modern Biomedical Servs., Inc.*, 704 So.2d 1227, 1233 (La. App. 3 Cir. 1997), *writ denied*, 709 So.2d 760 (La. 1998).

[29] *Lemann v. Essen Lane Daquiris, Inc.*, 923 So.2d 627, 632-33 (La. 2006).

[30] *Westchester Fire Ins. Co. v. Haspel-Kansas Inv. P'ship*, 342 F.3d 416, 419 (5th Cir. 2003) (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 275-76 (La. 2002)); *Lemann*, 923 So.2d at 633.

[31] *Brewer v. J.B. Hunt Transp., Inc.*, 35 So.3d 230, 240 (La. 2010); *Bridgefield Cas. Ins. Co. v. J.E.S., Inc.*, 29 So.3d 570, 574-575 (La. App. 1 Cir. 2009).

[32] *Ellison v. Conoco, Inc.*, 950 F.2d 1196, 1196 (5th Cir. 1992); *Brewer*, 35 So.3d at 240.

[33] *Parish v. L.M. Daigle Oil Co.*, 742 So.2d 18, 25 (La. App. 3 Cir. 1999).

duty that Plaintiff has alleged I&E violated. Instead, Plaintiff contends that I&E had a duty under the Louisiana general negligence statute to conduct its work in a reasonably safe manner, which Plaintiff alleges was violated when I&E created an unreasonable risk of harm by failing to lay boards to prevent fall-through of debris. On this motion for summary judgment, the Court must take the facts in the light most favorable to Plaintiff, who has provided sworn testimony as evidence that I&E workers were working directly overhead of Plaintiff at the time of the incident and that I&E was the only company working with the type of tubing that Plaintiff alleges caused his accident. Assuming these facts as true for the purpose of this motion, it is not implausible that I&E workers were working in the area at the time of the incident, such that under the Louisiana Civil Code, they would have had a duty to conduct their work in a reasonably safe manner so as to "avoid acts and omissions which engender an unreasonable risk of harm to others."[34]

To this end, Plaintiff has presented evidence that it would be unreasonable not to lay boards to prevent fall-through of debris. However, this Court need not consider whether there was a breach of I&E's duty; neither party has sought summary judgment as to the other elements of a negligence claim, and the question of breach is a factual one to be left to the fact-finder, here the jury.[35] Likewise, the Court need not consider whether any breach of such duty caused the accident in question. Instead, this Court here is presented only with the question of whether there existed a duty owed by I&E to Plaintiff, and the Court finds as a matter of law that, under Louisiana Civil Code article 2315, I&E had a duty to perform its work in a reasonably safe manner.

---

[34] *Stephens*, 440 So.2d at 925.

[35] Defendants have demanded a jury.

### III. Conclusion

Under Louisiana law, the question of whether a duty exists is a question of law properly decided by the court. Louisiana law provides for a general duty, and Plaintiff has put forth evidence to demonstrate that I&E was working in the area at the time of the incident. Therefore, this Court determines that I&E had a duty to conduct its work in a reasonably safe manner, and Plaintiff will be allowed to present evidence to determine if this duty was breached and if any such breach was negligent. I&E has not carried its summary judgment burden to demonstrate that there is no disputed issue of material fact regarding Plaintiff's negligence claim because I&E has only argued that it owed no duty to Plaintiff, and this Court finds that it did. Accordingly,

**IT IS HEREBY ORDERED** that I&E's Motion for Summary Judgment[36] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 25th day of June, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[36] Rec. Doc. 47.